UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

WILLIAM J. VAJK and GLORIA C.
VAJK,

        Plaintiffs,

                                              File No. 2:10-CV-114

v.

                                              HON. ROBERT HOLMES BELL

CITY OF IRON RIVER, MICHIGAN, et al.,

        Defendants.
                                            /

## MEMORANDUM OPINION AND ORDER

On January 12, 2011, this Court granted Defendants' motion to dismiss Plaintiffs William J. and Gloria C. Vajk's civil rights complaint and entered judgment for Defendants. (Dkt. Nos. 66, 67, 68.) Defendants, as prevailing parties, have now filed motions for attorney's fees and costs.[1] (Dkt. Nos. 73, 75.) For the reasons that follow, Defendants' motions for costs will be granted and their motions for attorney fees will be denied.

I.

Costs other than attorney's fees should generally be allowed to the prevailing party. Fed. R. Civ. P. 54(d)(1). The fees that may be taxed as costs are governed by 28 U.S.C.

---

[1] The motions were filed by Defendants Michigan Municipal League, City of Iron River, Roger Zanon, Thomas King, Ray Coates, Edward Marcell, Michael Brozack, Suzanne Johnson, and Richard Anderson (the "City Defendants"), and by Defendants Iron County and Marcia Cornelia (the "County Defendants").

§ 1920.

The City Defendants request the Court to tax costs in the amount of $31.00 for docket fees and exemplification fees. The requested fees are taxable costs under 28 U.S.C. § 1920(3), (4) and (5). The City Defendants' request will accordingly be granted.

The County Defendants request the Court to tax costs in the amount of $9.70 for copy fees. The requested fees are taxable costs under 28 U.S.C. § 1920(3), and (4). The County Defendants' request will accordingly be granted.

## II.

The City and County Defendants seek attorney's fees pursuant to 42 U.S.C. § 1988, Fed. R. Civ. P. 54(d)(1), and W.D. Mich. LCivR 54(d)(1).

The Civil Rights Attorney's Fees Awards Act of 1976, 42 U.S.C. § 1988, authorizes the award of a reasonable attorney's fee to the prevailing party in a civil rights action. Under § 1988, a prevailing plaintiff "should ordinarily recover an attorney's fee unless special circumstances would render such an award unjust," but a prevailing defendant should only recover an attorney's fee "where the suit was vexatious, frivolous, or brought to harass or embarrass the defendant." *Hensley v. Eckerhart*, 461 U.S. 424, 429 & n.2 (1983) (citing H.R. Rep. No. 94-1558, p. 7 (1976); *Christiansburg Garment Co. v. EEOC*, 434 U.S. 412, 421 (1978) ("[A] district court may in its discretion award attorney's fees to a prevailing defendant in a Title VII case upon a finding that the plaintiff's action was frivolous, unreasonable, or without foundation, even though not brought in subjective bad faith.")).

2

Defendants contend that an award of attorney's fees to them as prevailing defendants is warranted because Plaintiffs' action was clearly without merit and because Plaintiffs unreasonably and vexatiously multiplied the proceedings by filing numerous lengthy, repetitive, and irrelevant documents.

Plaintiffs contend that their pleadings were responsive to pleadings submitted by Defendants and that they should not be penalized for their aggressive prosecution of this case. They further contend that Defendants' allegations are conclusory, and they remind the Court that they are not attorneys and are proceeding pro se.

In analyzing a prevailing defendant's motion for attorney fees in a civil rights case, the court must avoid concluding that the action was unreasonable or without foundation simply because the plaintiff did not ultimately prevail. *Christiansburg*, 434 U.S. at 421-22.[2] Bearing this in mind, the Court does not believe that attorneys fees should be assessed against Plaintiffs for filing this complaint or for defending against Defendants' motions. The

---

[2]As noted in *Christriansburg*:

> This kind of hindsight logic could discourage all but the most airtight claims, for seldom can a prospective plaintiff be sure of ultimate success. No matter how honest one's belief that he has been the victim of discrimination, no matter how meritorious one's claim may appear at the outset, the course of litigation is rarely predictable. Decisive facts may not emerge until discovery or trial. The law may change or clarify in the midst of litigation. Even when the law or the facts appear questionable or unfavorable at the outset, a party may have an entirely reasonable ground for bringing suit.

*Christiansburg*, 434 U.S. at 421-22.

3

Court does agree with Defendants, however, that Plaintiffs vexatiously multiplied the proceedings by filing four motions to strike that were utterly lacking in merit. Nevertheless, because Plaintiffs were proceeding pro se, and because pleadings filed by pro se litigants are held "to less stringent standards than formal pleadings drafted by lawyers," *Thomas v. Eby*, 481 F.3d 434, 437 (6th Cir. 2007) (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972)), the Court declines to penalize Plaintiffs for this misuse of the motion to strike. However, Plaintiffs have now been placed on notice by the opinion in this case that motions to strike are not a proper vehicle for challenging the merits of Defendants' arguments, (Dkt. No. 66, Op. 5-8), and Plaintiffs are cautioned that they will be held to knowledge of this fact in any future litigation that may come before this Court. Accordingly,

**IT IS HEREBY ORDERED** that the motion for attorney fees and costs filed by Defendants Michigan Municipal League, City of Iron River, Roger Zanon, Thomas King, Ray Coates, Edward Marcell, Michael Brozack, Suzanne Johnson, and Richard Anderson (Dkt. No. 73) is **GRANTED IN PART and DENIED IN PART**. To the extent the City Defendants seek to tax costs in the amount of $31.00, the motion is **GRANTED**. To the extent the City Defendants seek an award of attorney's fees, the motion is **DENIED**.

**IT IS FURTHER ORDERED** that the motion for attorney fees and costs filed by Defendants Iron County and Marcia Cornelia, Iron County Treasurer, (Dkt. No. 75) is **GRANTED IN PART and DENIED IN PART**. To the extent the County Defendants seek to tax costs in the amount of $9.70, the motion is **GRANTED**. To the extent the County

Defendants seek an award of attorney's fees, the motion is **DENIED**.


Date:   March 8, 2011                               /s/ Robert Holmes Bell
                                                    ROBERT HOLMES BELL
                                                    UNITED STATES DISTRICT JUDGE